The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Douglas E. Berger and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the Opinion and Award.
* * * * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing as:
STIPULATIONS
1. At all time s relevant hereto, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On 21 February 1991 plaintiff was employed by defendant-employer.
3. Plaintiff alleges that she was injured while working for defendant-employer on 21 February 1991.
4. On 21 February 1991 Amerisure Insurance Company was the carrier on the risk for workers' compensation claims against defendant-employer.
5. A set of medical records collectively marked as Stipulated Exhibit (1) is received into evidence.
6. Two Forms 22, collectively marked as Stipulated Exhibit (2) are received into evidence for the purpose of determining plaintiff's average weekly wage.
* * * * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff did not file a claim for workers' compensation benefits with the North Carolina Industrial Commission until August of 1994. Plaintiff's delay in filing a claim occurred because she had hired an attorney in June or July of 1991 and thought that the attorney had taken care of filing for her.
2. Defendants are not responsible for plaintiff's failure to file a claim before August of 1994.
* * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
1. In order for the Industrial Commission to obtain jurisdiction over a claim for workers' compensation benefits, a claim must be filed with the Industrial Commission within two years of a compensable injury. N.C. Gen. Stat. § 97-24. In the present case, plaintiff did not file any claim within two years of any of her alleged injuries and defendants are not estopped to plead the jurisdictional bar to plaintiff's claim.
2. Therefore, the Industrial Commission lacks jurisdiction to hear plaintiff's claim.
* * * * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for workers' compensation benefits is hereby DISMISSED.
2. Each party shall bear their own costs of this action.
 S/ __________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ __________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ______________________ BERNADINE S. BALLANCE COMMISSIONER